# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00034-GCM

| | |
|---|---|
| RANDY WITHERS,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) (ECF Doc. 15). Plaintiff filed its Memorandum of Law in Opposition to a Motion to Dismiss ("Response") (ECF Doc. 18) and Defendant has filed a Reply (ECF Doc. 19). This Motion, now being fully briefed, is ripe for consideration, and the Court finds the following.

## I. BACKGROUND

This case arises out of Plaintiff's purchase of a used BMW passenger vehicle equipped with BMW's "N63" engine. Plaintiff contends that the N63 engine consumes an excessive amount of engine oil, and Plaintiff makes claims for breach of warranty and breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act ("MMWA"), as well as breach of express warranties under N.C. Gen. Stat. § 25-2-313, violation of the North Carolina Unfair Trade Practices Act, and fraudulent concealment. Defendant filed a Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) in March 2020 (ECF Doc. 11), and Plaintiff responded by filing an amended complaint (ECF Doc. 14) as of right. Defendant has now refiled its Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6). Any additional relevant facts are set forth in the discussion below.

## II. DISCUSSION

Defendant has filed a Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) ("Motion to Dismiss"), contending that the Court lacks subject-matter jurisdiction over this case and that Plaintiff has failed to state a claim upon which relief can be granted. The Court must first address whether it has subject-matter jurisdiction.

Rule 12(b)(1) provides a defense for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When subject-matter jurisdiction is challenged, district courts have authority to determine whether subject-matter jurisdiction exists. *Chicot Cnty. Drainage Dist. v. Baster State Bank*, 308 U.S. 371, 376–77 (1940). The plaintiff bears the burden of proof as to subject-matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). District courts may consider evidence outside the pleadings, and "[t]he nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* A moving party should only prevail "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

An amount-in-controversy allegation typically "is accepted if made in good faith." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). But "it must be clear from the face of the complaint" that the amount-in-controversy requirement is met. *Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 631 (4th Cir. 2007). Once a plaintiff has set out the amount, it must be a "legal certainty" that the plaintiff cannot actually recover the alleged amount in controversy. *See id.* at 631–32.

Under the MMWA, the amount in controversy must be greater than "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). The Fourth Circuit has held that expenses and attorneys' fees are excluded when

computing the amount in controversy. *Saval v. BL Ltd.*, 710 F.2d 1027, 1032–33 (4th Cir. 1983). Moreover, the aggregate amount in controversy "is not computed on the basis of pendent state law claims." *Misel v. Mazda Motor of Am., Inc.*, 420 F. App'x 272, 274 (2011).

Where a consumer seeks remedy under a limited warranty through the MMWA, courts use state law to ascertain what damages are available, which assists in determining whether the MMWA amount-in-controversy requirement is met. *See Boggs v. BMW N.A., LLC*, No. 5:20-CV-00023-M, 2020 WL 6139943, at *2 (E.D.N.C. Oct. 19, 2020); *Day v. BMW N.A., LLC*, No. 5:20-CV-00024-M, 2020 WL 6140442, at *2 (E.D.N.C. Oct. 19, 2020). The parties agree that the Court must use North Carolina law to determine the amount Plaintiff may recover for purposes of the MMWA amount-in-controversy requirement. *See* ECF Doc. 16 at 6; ECF Doc. 18 at 6.

Under North Carolina law, for breach of warranty a buyer may recover "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." N.C. Gen. Stat. § 25-2-714(2) (2020). "The purchase price is strong evidence of the value of the goods as warranted," but it is slightly more difficult to determine the value of goods as accepted. *Riley v. Ken Wilson Ford, Inc.*, 426 S.E.2d 717, 723 (N.C. Ct. App. 1993). Where proper, a buyer may also recover "any incidental and consequential damages" arising under Section 25-2-715. N.C. Gen. Stat. § 25-2-714(3). Courts have considered that costs to repair plus out of pocket expenses relating to the N63 engine's excessive engine oil consumption may sufficiently account for the breach of warranty damages recoverable under North Carolina law. *See Boggs, LLC*, 2020 WL 6139943, at *3; *Day*, 2020 WL 6140442, at *3.

Defendant argues the Court lacks subject-matter jurisdiction because Plaintiff has failed to the meet the minimum amount-in-controversy requirements under the MMWA. ECF Doc. 16

at 7. Plaintiff has asserted that he is entitled to recover the cost to repair the defective engine plus out of pocket costs associated with the engine oil consumption, which amounts to $20,038. ECF Doc. 18 at 8. Plaintiff also argues he could be entitled to refund of the full contract price for revocation of the contract plus costs for excessive engine oil consumption, which would amount to $41,164.50. *Id.* Notwithstanding a question of whether Plaintiff could recover the full contract price of his car based on the current pleadings in his complaint, either number falls well short of the MMWA minimum threshold.

Yet, Plaintiff argues the amount-in-controversy requirement is met because he is entitled to punitive damages. As already noted, courts do not consider pendent state law claims when analyzing whether the MMWA minimum amount-in-controversy requirement is met. *See Misel*, 420 F. App'x at 274. Plaintiff acknowledges that punitive damages are not awarded "solely for breach of contract." N.C. Gen. Stat. § 1D-15(d); ECF Doc. 18 at 7. However, Plaintiff argues punitive damages are recoverable where the breach of contract is accompanied by a tortious act. *Newton v. Standard Fire Ins. Co.*, 229 S.E.2d 297, 301 (N.C. 1976); ECF Doc. 18 at 7. Plaintiff neglects to note that such a punitive damage award would then be based on pendent state law claims and is, thus, not considered in calculating the amount in controversy for purposes of finding federal court jurisdiction under the MMWA. *See Boggs, LLC*, 2020 WL 6139943, at *3; *Day*, 2020 WL 6140442, at *3. Therefore, it appears to a legal certainty that the MMWA jurisdictional amount-in-controversy cannot be recovered based on Plaintiff's current pleadings.

Plaintiff requests leave to amend his complaint to plead that diversity jurisdiction exists under 28 U.S.C. § 1332, in the event the Court does not find jurisdiction exists under the MMWA. ECF Doc. 18 at 9 n.5. Courts should freely give leave to amend "when justice so requires." Fed R. Civ. P. 15(a)(2). Absent evidence such as undue delay, prejudice, bad faith, or futility, courts

often grant leave to amend. *See Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). The Court sees no reason to withhold leave to amend. Therefore, the Court will grant leave to Plaintiff to amend his complaint and plead that diversity jurisdiction exists under 28 U.S.C. § 1332(a). Because Plaintiff will amend his complaint, Defendant's Motion to Dismiss should be denied without prejudice.

### III. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff is granted leave to amend his complaint to plead diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff shall file his amended complaint as soon as practicable, but no later than within twenty-one days of the entry of this Order. Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) (ECF Doc. 15) shall be denied without prejudice and may be refiled within twenty-one days of the entry of Plaintiff's amended complaint, if Defendant so chooses.

**SO ORDERED**.

Signed: February 12, 2021

Graham C. Mullen
United States District Judge